Plaintiff presented a package of letters and medical records at the Full Commission hearing and made an oral motion to reopen the record to include these items. Defendant objected to the reopening and admission of these items as evidence. Other than a letter written by plaintiff, none of these records were unavailable prior to the hearing before the Deputy, some were already in the file, and in light of the evidence introduced, it is doubtful that those that were not would have affected the outcome. Consequently, the motion is denied.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties agreed to enter into an Industrial Commission Form 21 and an Industrial Commission Form 26. The Commission approved an Industrial Commission Form 24 on May 25, 1993.
2. Plaintiff's Average Weekly Wage was $661.60, yielding a compensation rate of $390.00.
3. On December 8, 1990 plaintiff sustained an injury by accident arising out or and in the course of her employment with defendant.
The Full Commission makes the following additional
FINDINGS OF FACT
1. As a result of her compensable injury of December 8, 1990 plaintiff was paid 123 weeks of compensation, from December 9, 1990 to May 8, 1993.
2. By March 23, 1993, plaintiff had no objective findings on which to base a permanent partial disability rating. Plaintiff also had no contraindications for participating in regular work from a musculoskeletal standpoint.
3. As a result of her compensable injury on December 8, 1990, plaintiff has been seen and evaluated by medical care providers which include Dr. Markworth, Dr. Orrell, Dr. Rice, Dr. Whitehurst, and Duke Medical Center, at the expense of defendant.
4. Plaintiff was subsequently terminated from her position for reasons unrelated to her compensable injury.
5. As a result of the accident, plaintiff has discomfort that may be relieved to some degree by use of biofeedback.
6. The additional evidence presented by plaintiff at the Full Commission hearing is insufficient to relate plaintiff's psychological difficulties to her December 8, 1990 injury.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. As a result of her compensable injury of December 8, 1990 plaintiff sustained no permanent partial disability. N.C.G.S. § 97-31.
2. Plaintiff is entitled to payment of all medical compensation expenses incurred as a result of her compensable injury of December 8, 1990, for so long as such may reasonably be required to effect a cure, or give relief, and will tend to lessen any period of disability. N.C.G.S. § 97-2 (19).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay medical compensation expenses incurred by plaintiff as a result of her compensable injury of December 8, 1990, including biofeedback training, as may reasonably be required to effect a cure, or give relief, and will tend to lessen any period of disability, when bills for the same shall have been submitted to and approved by the Industrial Commission.
2. Plaintiff's claim for additional benefits is DENIED.
3. Defendants shall bear the costs.
 S/ ________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ____________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ ________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/rch